Genie Harrison, SBN 163641
Mia Munro, SBN 281317
**GENIE HARRISON LAW FIRM, APC**
23975 Park Sorrento, Suite 202
Calabasas, CA 91302
T: 213.805.5301 F: 213.805.5306
genie@genieharrisonlaw.com
mia@genieharrisonlaw.com

Nicholas W. Sarris, SBN 242011
Amanda R. Erickson, SBN 352173
**JML LAW, APLC**
5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367
T: 818.610.8800 F: 818.610.3030
nsarris@jmllaw.com
aerickson@jmllaw.com

Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KATHARINE MITCHELL, an individual,

Plaintiff,

vs.

VOCOVISION, LLC, a Delaware limited liability company; NEW DIRECTION SOLUTIONS, LLC, A Florida limited liability company and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 2:25–cv–4678 FLA (MARx)

(Assigned for all purposes to the Hon. Fernando L. Aenlle-Rocha)

**CLASS & PAGA ACTION**

**FIRST AMENDED COMPLAINT FOR:**

1. **Unlawful Noncompete Provision in Violation of the California Business and Professions Code §16600**

**2. Violations of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.)**
**3. Civil Penalties under the Private Attorneys General Act (Cal. Labor Code § 2698, et seq.)**

**<u>DEMAND FOR JURY TRIAL</u>**

**TO THIS HONORABLE COURT AND ALL INTERESTED PARTIES:**

NOW COMES Plaintiff KATHARINE MITCHELL to submit her Complaint to allege causes of action, individually and on behalf of a class of similarly-situated current and former California employees, against Defendant VOCOVISION, LLC. ("Vocovision"), a Delaware limited liability company, Defendant NEW DIRECTION SOLUTIONS, LLC, a Florida limited liability company and DOES 1 through 100, inclusive, (collectively "Defendants") as follows:

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

## <u>THE PARTIES</u>

1. Plaintiff Katharine Mitchell (hereinafter "Plaintiff") is an adult female resident of the County of Los Angeles State of California, and performed work at Vocovision from approximately September 26, 2022, until June 26, 2024.

2. Defendant Vocovision, LLC ("Vocovision" or "Defendant") is a limited liability company organized and existing under the law of the State of Delaware, with its principal place of business located at 5550 Peachtree Parkway Suite 500, Peachtree Corners, Georgia 30092. Vocovision is a therapy and education company that provides school districts with services in the fields of speech pathology, schools psychology, and special education.

3. Defendant New Direction Solutions, LLC ("New Direction Solutions" or "Defendant") is a limited liability company organized and existing under the law of the State of Delaware, with its principal place of business located at 5550 Peachtree Parkway Suite 500, Peachtree Corners, Georgia 30092. New Direction Solutions is a therapy and education company that provides school districts with services in the fields of speech pathology, schools psychology, and special education.

4. The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure section 474. Each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to in the Complaint, and caused injuries and damages proximately to Plaintiff, as herein alleged. Plaintiff will ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

5. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and/or severally.

6. Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each named and/or unnamed Defendants was the agent, servant, employee, or employer of one or more of the remaining named and/or unnamed Defendants and, as hereinafter alleged, was acting within the scope of such authority, consent, agency, servancy, or employment.

7. Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each named and/or unnamed Defendants was in some fashion, by contract or otherwise, the predecessors, affiliates, alter egos,

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

assigns, joint-venturers, co-venturers or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity.

8. Plaintiff is further informed and believes, and on that basis alleges, that one or more of the remaining named and/or unnamed Defendants are the successors of one or more of the remaining named and/or unnamed Defendants. Such successors are liable for the occurrences, damages, and injuries alleged herein to the same extent its predecessors are liable for the alleged occurrences, damages and injuries.

9. Plaintiff alleges that Defendants acted as the employers and/or joint employers of Plaintiff, and that they shared control of Plaintiff as an employee, either directly or indirectly. This control includes, but is not limited to, the authority to hire and fire, assign work tasks, engage in day-to-day supervision of employees, and controlling employee records.

10. Plaintiff alleges that Defendants were the alter-egos of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants. Plaintiff alleges that Defendants were acting on behalf of each other in the establishment of, ratification of, and/or execution of the illegal practices and policies as set forth in this pleading. Plaintiff is further informed and believes, and thereon alleges that at all times relevant hereto Defendants had decision-making responsibility for, and establishment and execution of, illegal practices and policies for each other and are, therefore, liable on the causes of action herein.

11. Plaintiff alleges that at all material times, one or more of each unnamed Defendants was in some fashion, by statute, law or otherwise, the agent, agency, branch, department or the like of one or more of the remaining named

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

12. Plaintiff further alleges that there exists such a unity of interest and ownership between Defendants that the individuality and separateness of those Defendants have ceased to exist. The business affairs of Defendants are, and at all times relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants were used as mere shells and conduits for the conduct of certain of other Defendants' affairs. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff. Accordingly, Defendants constitute the alter egos of each other, and the fiction of their separate existence must be disregarded at law and in equity, because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

## GENERAL ALLEGATIONS

13. Plaintiff was employed by Defendants as a speech therapist from approximately September 26, 2022, until June 26, 2024. Throughout this time, Defendants misclassified Plaintiff as an independent contractor.

14. Throughout Plaintiff's employment with Defendants, Defendants have intentionally chosen to operate under a business model which takes advantage of its employees by improperly classifying employees, including Plaintiff, as independent contractors to increase profits.

15. This unlawful conduct results in a loss of government funds for Medicare, social security, and income tax proceeds. Additionally, the therapeutic and education professionals, like Plaintiff, are denied substantive rights and protections in the form of overtime compensation, workers' compensation benefits, health insurance, unemployment insurance, appropriate wages, and wage and hour protections. Furthermore, Plaintiff and other persons classified as contractors

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

provide vital services, including but not limited to speech language pathology, deaf and hard of hearing teachers, special education teachers, and teachers of the visually impaired, to the neediest of students in California, who are adversely affected by Defendants' unlawful misconduct.

16. Defendants' exercise of control and direction over the job performance of Plaintiff includes:

(a) Defendants require Plaintiff (the "contractor") to "maintain complete and accurate records concerning Contractor's performance of services for each client" on a weekly basis.

(b) Defendants prohibit Plaintiff from subcontracting or assigning their obligations to a third party.

(c) Defendants prohibit Plaintiff from accepting any direct payment from "clients."

(d) Defendants prohibit Plaintiff from negotiating compensation with "clients."

(e) Plaintiff is essentially powerless to negotiate her rate of pay with Defendants.

(f) Defendants pay Plaintiff weekly on a hours worked basis.

(g) Defendants set the total amount of hours in which Plaintiff can work per week.

(h) Defendants prohibit Plaintiff from being employed or contracting with "clients" and certain "possible clients."

(i) Defendants require Plaintiff to undergo a technology screening.

(j) Defendants require Plaintiff to attend an introductory clinical training seminar, mandated reporter training, and sexual harassment training.

(k) Defendants prevent Plaintiff from holding ownership over "inventions, ideas, designs, concepts, techniques… discoveries and improvements" made while working with "clients."

17. Plaintiff performs work necessary and within Defendants' usual course of business for several reasons:

(a) Defendants' viability as a company is completely reliant on "service providers" who perform therapeutic and education services for "clients."

(b) Defendants provide therapy and education services to school districts, who then pay Defendants directly, by hours worked, for services performed.

(c) Plaintiff performs services on a consistent and regular basis, not incidentally. Many school districts will only "hire" Plaintiff through companies like Defendants. Thus, it is near impossible for Plaintiff to look for work separate from companies like Defendants.

(d) Defendants hold themselves out as a company that provides therapeutic and education services.

(e) Defendants solicit school districts in using their services.

(f) Defendants hold themselves out to the public as such, on its website state, "At VocoVision, our telepractitioners not only gain access to a comprehensive library of virtual service best practices but also receive continuous clinical and technical support."

(g) Defendants market themselves towards clients as such on the "FAQ" section of their website, where they state, "there are several therapy providers to choose from, but VocoVision stands out above the rest. With expert, specialized professionals ready to serve students, top notch service is guaranteed."

(h) Defendants hold themselves out to unsuspecting health care professionals as a teletherapy company. Under the "service providers tab" of their website, they state, "As a VocoVision teletherapist, your day will look a lot like that of a typical on-site therapist, with the added benefit of working from home and having more opportunities to connect with students who need you."

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

(i) Additionally, to capitalize on this brand image, on its website Vocovision touts the headline "Virtual Vocations names Vocovision #1 in 'top 100 companies to watch for fully remote jobs in 2024'." The link on the website directs users to Virtual Vocations website, where Vocovision is listed as "a remote therapy and education company."

18. In addition to Defendants' intentional misclassification of its employees and independent contractors, Defendants have promulgated unlawful non-compete agreements, to which Plaintiff was subjected during her employment with Defendants.

19. Vocovision's Agreements prior to 2023 contain a blatantly unlawful noncompete provision. The provision, titled "Competition," states, "If Contractor provides services of any nature to a Client, or hires an employee or contractor of VocoVision in violation of paragraph 21, Contractor shall pay to VocoVision a fee equal to 125% of the fee: (i) which VocoVision would have earned in respect of such services to such Client if such services had been provided pursuant to the terms of this Agreement, or (ii) VocoVision would have earned in respect of such employee had Contractor not hired such employee." Vocovision defines "client" as "any entity to which VocoVision submitted Contractor for possible engagement or for which Contractor performed services under this Agreement." According to the "Miscellaneous" clause, "The provisions of this Agreement which by their nature are intended to continue beyond the termination of this Agreement or the completion of any services hereunder, including, without limitation, Sections 15 through 26, inclusive, shall survive the expiration or the termination of this Agreement by any party for reason."

20. Vocovision, and its sister company, New Direction Solutions, contract with school districts to provide therapeutic and educational services.

21. During the course of Plaintiff's employment, Defendants included a noncompete provision in their contracts with school districts which reads, "Client

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

agrees that it will not directly or indirectly, personally or through an agent or agency contract with or employ any Consultant introduced or referred by ProCare Therapy or Vocovision for a period of (24) months after the last date Client received Services from such Consultant. If Client or its affiliate enters into such a relationship or refers Consultant to a third party for employment, Client agrees to pay an amount equal to last years total compensation including but not limited to a signing and/or relocation bonus, as agreed upon at the time of hiring."

22. Plaintiff alleges that school districts and their students make up a large portion of her "clientele." Plaintiff is unable to secure work as a speech pathologist with any school districts due to these non-compete agreements.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings the causes of action on behalf of herself, where applicable, and on behalf of the following proposed ("Class"):

> All current or former individuals who worked in California from April 21, 2021 for Defendants through the date of Preliminary Approval who were classified as independent contractors by Defendants.

24. Alternatively, Plaintiff brings the causes of action, separately, on behalf of herself, where applicable, and on behalf of the following proposed subclasses ("Subclasses"):

(a) Subclass 1: All current or former individuals who worked in California from April 21, 2021 for VocoVision through the date of Preliminary Approval who were classified as independent contractors by VocoVision.

(b) Subclass 2: All current or former individuals who worked in California from April 21, 2021 for New Direction Solutions through the date of Preliminary Approval who were classified as independent contractors by New Direction Solutions.

(c) Subclass 3: All current or former individuals who entered in a contract in California from April 21, 2021 with VocoVision through the date of

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

Preliminary Approval, and who were subjected to a non-compete agreement.

(d) Subclass 4: All current or former individuals who entered in a contract in California from April 21, 2021 with New Direction Solutions through the date of Preliminary Approval, and who were subjected to a non-compete agreement.

25. This action is appropriately suited for a class action pursuant to California Code of Civil Procedure section 382 because there exists an ascertainable and sufficiently numerous Class and/or Subclasses, a well-defined community of interest, and substantial benefits from certification that render proceeding as a class superior to the alternatives.

26. Numerosity and Ascertainability: The size of the Class and/or Subclasses makes a class action both necessary and efficient. The proposed Class includes hundreds of current and former employees located across California. Members of the Class and/or Subclasses are ascertainable through Defendants' records, but are so numerous that joinder of all individual class members would be impractical.

27. Predominant Common Questions of Law and Fact: Common questions of law and fact affecting the rights of all Class and/or Subclasses predominate over any individualized issues. These common questions include, but are not limited to:

(a) Is the Class and/or Subclasses misclassified as independent contractors in violation of Labor Code § 226.8.

(b) Is the Class and/or Subclasses subjected to unlawful non-compete agreements under Business & Professions Code § 16600.

(c) Have Defendants engaged in a pattern and/or practice of unlawful, unfair, or fraudulent business activities which allow it to unfairly compete in the marketplace.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

28. Typicality: Plaintiff's claims are typical of the Class and/or Subclasses' willful misclassification claims because Plaintiff, who is a therapy and education provider, and therapy and education providers are misclassified across the board. Plaintiff's claims are typical of the Class and/or Subclasses' unfair competition and noncompete claims because 1) all Agreements prior to 2023 contained noncompete provisions and 2) Defendants prohibit all school districts from employing "service providers" introduced by Defendants to said school districts.

29. Adequacy of Representation: Plaintiff will fairly and adequately represent the interest of the Class and/or Subclasses, and because her individual interests are consistent with, and not antagonistic to, the interests of the Class and/or Subclasses, and because Plaintiff has retained counsel who has the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues, including in class actions.

30. Superiority of Class Mechanism: Class certification is appropriate because common questions of law and fact predominate over any questions affecting only individual Class and/or Subclasses. Defendants' liability in this case is based on uniform company policies and procedures applicable to all employees. The compensation that Defendants owe to each individual Class member is small in relation to the expense and burden of individual litigation to recover that compensation. The prosecution of separate actions against Defendants by individual Class and/or Subclasses could create a risk of inconsistent or varying adjudications, which could establish incompatible standards of conduct for Defendants. A class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth herein.

## JURISDICTION AND VENUE

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

31. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

32. The events causing damage to Plaintiff, as described in this Complaint, all occurred within the City of Los Angeles, County of Los Angeles, State of California, which is within the jurisdictional boundaries of the Superior Court of the County of Los Angeles.

33. This Court has jurisdiction over this matter because Defendants entered into contacts with Plaintiff in the County of Los Angeles.

34. Venue is proper in this Court pursuant to California Code of Civil Procedure section 395.5. VocoVision employed Plaintiff and many class members in Los Angeles, where many Class and/or Subclasses have worked, were misclassified, and were subjected to non-compete agreements, and therefore the claims arise in the County of Los Angeles.

35. Pursuant to California Code of Civil Procedure section 382, Plaintiff brings these claims individually and as a class action on behalf of a class of current and former employees of Defendants who were improperly classified as independent contactors and/or were subjected to non-compete agreements.

36. This action is not subject to the Federal Class Action Fairness Act.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

37. Plaintiff has complied with all conditions precedent (exhaustion of administrative remedies) to jurisdiction.

## FIRST CAUSE OF ACTION

**Unlawful Noncompete Provision in Violation of the California Business and Professions Code §16600, et seq.**

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**(By Plaintiff and the Class and/or Subclasses Against All Defendants)**

38. Plaintiff and the Class and/or Subclasses reallege and incorporate by reference as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 36 of this Complaint.

39. Business and Professions Code § 16600.5 prohibits an "employer or former employer" from "attempt[ing] to enforce a contract that is void under this chapter regardless of whether the contract was signed and the employment was maintained outside of California."

40. Under § 16600(c) a violation is not limited to "contract where the person being restrained… is a party to the contract."

41. Under that section, an employer "that enters into a contract that is void under this chapter or attempts to enforce a contract that is void under this chapter commits a civil violation," thereby entitling an employee or former employee to "bring a private action to enforce this chapter for injunctive relief or the recovery of actual damages, or both."

42. The actions of Defendants, as alleged herein, amount to conduct which is unlawful and in violation of law § 16600.

43. Defendant's conduct as herein alleged has damaged Plaintiff and the Class and/or Subclasses by restricting their ability to obtain meaningful employment of their choosing, stripping them of their substantive rights as employees, and creating an unfair job market. Defendants' actions are thus substantially damaging to Plaintiff and the Class and/or Subclasses, causing them injury in fact and loss of money.

44. Defendants' conduct described herein threatens an incipient violation of California's labor laws, and/or violates the policy or such spirit of such laws, or otherwise significantly threatens or harms competition.

45. Pursuant to § 16600.5. Plaintiff seeks permanent injunctive relief- including, but not limited to, injunctive relief enjoining Defendants from enforcing

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

the Noncompete Agreement-recovery of actual damages, and recovery of reasonable attorneys' fees and costs incurred in this action, to protect Plaintiff, who has been wrongfully prohibited by Defendants.

**SECOND CAUSE OF ACTION**

**Violations of Unfair Competition Law pursuant to Business & Professions Code § 17200, et seq.**

**(By Plaintiff and the Class and/or Subclasses Against All Defendants)**

46. Plaintiff and the Class and/or Subclasses reallege and incorporate by reference as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 43 of this Complaint.

47. California Business & Professions Code § 17200 et seq. prohibits any unlawful, unfair, or fraudulent business act or practice.

48. Plaintiff brings this cause of action in any representative capacity on behalf of the general public and the Class and/or Subclasses. Plaintiff and the Class and/or Subclasses have suffered and continue to suffer injury in fact and deprivation of wages and monies as a result of Defendants' actions.

49. The actions of Defendants, as alleged herein, amount to conduct which is unlawful and in violation of law. As such, such conduct constitutes unfair business practices, in violation of Business & Professions Code § 17200, et seq.

50. Defendant's conduct as herein alleged has damaged Plaintiff and the Class and/or Subclasses by restricting their ability to obtain meaningful employment of their choosing, stripping them of their substantive rights as employees, and creating an unfair job market. Defendants' actions are thus substantially damaging to Plaintiff and the Class and/or Subclasses, causing them injury in fact and loss of money.

51. As a result of such conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiff and the Class and/or Subclasses.

52. During the Class Period, Defendants committed and continue to commit acts of unfair competition as defined by Business & Professions Code § 17200, et seq., by and among other things, engaging in the acts and practices described above.

53. Defendants' course of conduct, acts, and practices in violation of the California laws and regulations, as mentioned in each paragraph above, constitute distinct, separate, and independent violations of Business & Professions Code § 17200, et seq.

54. The harm to Plaintiff and the class and/or Subclasses of being restrained from pursuing employment of their choosing, outweighs the utility, if any, of Defendants' policies and practices, and therefore, Defendants' actions described herein constitute unfair business practices or acts within the meaning of Business & Professions Code § 17200, et seq.

55. Defendants' conduct described herein threatens an incipient violation of California's labor laws, and/or violates the policy or such spirit of such laws, or otherwise significantly threatens or harms competition.

56. Defendants' course of conduct described herein further violates Business & Professions Code § 17200, et seq. in that it is fraudulent, improper, and/or unfair.

57. Defendants have been unjustly enriched as a direct result of their unlawful business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage if allowed to continue such practices. Under Business & Professions Code § 17200, et seq.

58. Plaintiff and the Class and/or Subclasses have no plain, speedy, or adequate remedy at law because Defendants, unless enjoined by the Order of this Court, will continue to systematically violate the provisions of the Labor Code and Government Code referenced herein. Defendants' conduct is continuing, ongoing, capable of repetition, and will continue unless retrained and enjoined by the Court.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

Accordingly, injunctive relief is proper and necessary pursuant to California Business & Professions Code § 17203.

59. Plaintiff and the Class and/or Subclasses' efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest" for "(a) significant benefit, whether pecuniary or non-pecuniary, has been conferred on…a large class of persons, (b) necessity and financial burden of private enforcement…are such to make the award appropriate, and (c) such fees should not in the interest of justice be paid out the recovery, if any." Plaintiff and the Class and/or Subclasses request that the Court also award reasonable attorneys' fees pursuant to the provisions of California Code of Civil Procedure Code § 1021.5.

60. Plaintiff and the Class and/or Subclasses seek remedies and penalties pursuant to California Business & Professions Code § 17205, which are cumulative to the remedies and penalties available under other laws of this state.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

## THIRD CAUSE OF ACTION

**Civil Penalties under the Private Attorneys General Act (Labor Code §§ 2698, et seq.,)**

**(By Plaintiff and the Class and/or Subclasses Against All Defendants)**

61. Plaintiff and the Class and/or Subclasses reallege and incorporate by reference as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 58 of this Complaint.

62. Under Labor Code § 2699, any current or former employee aggrieved by an employer's violation of the Labor Code has the right to file an action on behalf of all aggrieved employees for the penalties established by Labor Code § 2699 and/or other Labor Code sections.

63. Plaintiff claims all penalties permitted by the Private Attorneys General Act of 2004 ("PAGA") Labor Code § 2698, et seq., including but not

limited to penalties under Labor Code §§ 226.8, and has complied with the procedures for bringing suit specified by Labor Code § 2699.3. On April 22, 2025, Plaintiff provided notice to Defendants and the LWDA of Plaintiff's claims based on the alleged Labor Code violations, including the facts and theories supporting these claims. The LWDA has provided no notice to Plaintiff regarding its intentions to investigate or not investigate Plaintiff's claims. Defendants have not given written notice within 33 days of April 22, 2025 by certified mail that the alleged violations were cured, including a description of actions taken. Accordingly, Plaintiff may commence this action pursuant to Labor Code section 2699.

64. Defendants have violated Labor Code § 226.8(a)(1) by engaging in the willful misclassification of Plaintiff.

65. Labor Code § 226.8(a)(1) prescribes: "It is unlawful for any person or employer to engage in any of the following activities: (1) Willful misclassification of an individual as an independent contractor."

66. Plaintiff seeks to recover the prescribed civil penalties by Labor Code § 226.8 and by § 2698, *et seq.* for the violations referenced herein on behalf of themselves and other aggrieved employees. Plaintiff also seeks interest and attorney's fees and costs, and any other remedies prescribed and permitted by PAGA.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully prays for relief, where applicable, against the Defendants as follows:

1. For statutory and civil penalties arising from the violations of California Labor Code alleged herein, including penalties under sections 226.8 and 2699;
2. For attorneys' fees, as provided by statute, according to proof;

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

3. For an order certifying this action as a class action;
4. For an order appointing Plaintiff Katharine Mitchell as Class Representative and appointing Plaintiff's counsel as Class Counsel;
5. For restitution of all monies due to Plaintiff and the Class/or Subclasses members, as well as disgorgement of Defendants' profits from its unlawful and/or unfair business practices;
6. For preliminary and permanent injunctive relief enjoining Defendants from engaging in the unfair and unlawful business practices in violation of California Business and Professions Code § 17200, et seq., voiding noncompete provisions found in Defendants Agreements in violation of California Business and Professions Code § 16600, et seq., and from unlawfully misclassifying therapy and education professionals as independent contractors in violation of California Labor Code 266.8.
7. For such relief that the Court may deem just and proper.

DATED: July 8, 2025

GENIE HARRISON LAW FIRM, APC

By: /s/ Mia Munro
GENIE HARRISON
MIA MUNRO
Attorneys for Plaintiff

DATED: July 8, 2025

JML LAW, APLC

By: /s/ Nicholas Sarris
NICHOLAS W. SARRIS
AMANDA R. ERICKSON
Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a trial by jury on all claims.**

DATED: July 8, 2025

GENIE HARRISON LAW FIRM, APC

By: /s/ Mia Munro
GENIE HARRISON
MIA MUNRO
Attorneys for Plaintiff

DATED: July 8, 2025

JML LAW, APLC

By: /s/ Nicholas Sarris
NICHOLAS W. SARRIS
AMANDA R. ERICKSON
Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4, the below filer attests that concurrence in the filing of this document has been obtained from the above signatories.

DATED: July 10, 2025

GENIE HARRISON LAW FIRM, APC

By: /s/ Mia Munro
GENIE HARRISON
MIA MUNRO
Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 23975 Park Sorrento, Suite 202, Calabasas, CA 91302.

On July 10, 2025, I served the foregoing document described as **FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| **Attorneys for Defendants**<br>Trevor M. Witt (SBN 278195)<br>Trevor.Witt@jacksonlewis.com<br>Nicole R. Kardassakis (SBN 300023)<br>Nicole.Kardassakis@jacksonlewis.com<br>JACKSON LEWIS P.C.<br>725 South Figueroa Street, Suite 2800<br>Los Angeles, California 90017-5408<br>Telephone: (213) 689-0404<br>Facsimile: (213) 689-0430 | Attorneys for Defendants<br>VOCOVISION,<br>LLC and NEW DIRECTION<br>SOLUTIONS, LLC |

☒ **[By CM/ECF]** I certify that on July 10, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on July 10, 2025 at Los Angeles, California.

☒ FEDERAL I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Zenia Anderson /s/ Zenia Anderson